UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRADLEY ALFRED MCMANUS,                                              Plaintiff,

v.                                                Civil Action No. 3:20-cv-P116-DJH

KENTUCKY DEP'T OF CORR. *et al.,*                                  Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

This is a *pro se* civil rights-action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Bradley Alfred McManus leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at the Hardin County Detention Center (HCDC). He brings suit against five Defendants – the Kentucky Department of Corrections (KDOC); HCDC; HCDC Jailer Josh Lindblom; HCDC Deputy Jailer Jeffrey Crawford; and Southern Health Partners (SHP) Nurse Stacy Jensen. He sues the three individually-named Defendants in both their official and individual capacities.

Plaintiff first claims that his rights were violated by Defendant Crawford when Defendant Crawford forced Plaintiff to change into a clean jumpsuit in a "pod full of 20 some other inmates" even though he was not wearing underwear. Plaintiff states that by forcing him to be "completely nude" in front of other inmates, Defendant Crawford violated his constitutional rights. Plaintiff states that he is suing Defendants KDOC, HCDC, and Jailer Lindblom because they are "responsible for [Defendant] Crawford's actions."

Plaintiff next alleges that Defendant Nurse Jensen violated his rights when she "sent medical requests to ask for help with my mental health issues that had increased as a result of mistreatment from Jail staff and even after I told them these issues had caused me to be unable to sleep . . . ."

Plaintiff also alleges that "on multiple occasion I noticed I urinated on myself and they still did nothing and continued to let me sit in my cell and suffer to me. This is not proper health care but cruel and unusual punishment for this I name KDOC, HCDC, [Defendant] Lindblom, and Stacy."

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant KDOC

The KDOC is as an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 781-82 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, the Court will dismiss Plaintiff's claims against the KDOC for failure to state a claim upon which relief may be granted.

### B. Defendant HCDC and Official-Capacity Claims

Defendant HCDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are actually against Hardin County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

Similarly, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against HCDC Defendants Jailer Lindblom and Deputy Crawford are actually against their employer, which is Hardin County. *See, e.g.*,

4

*Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was the equivalent of suing clerk's employer, the county). Likewise, Plaintiff's official-capacity claim against Defendant Nurse Jensen is deemed a claim against her employer, which is SHP. *See, e.g.*, *Smith v. Davis*, 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself); *Prather v. Corr. Care Sols.*, No. 3:16-CV-P60-JHM, 2016 U.S. Dist. LEXIS 65363, at *12 (W.D. Ky. May 18, 2016) (same).

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities, such as Hardin County, also applies to private corporations contracted to provide medical services to inmates, such as SHP. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal

5

liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any alleged violation of his rights occurred as the result of a policy or custom implemented or endorsed by either Hardin County or SHP. Accordingly, the Court will dismiss Plaintiff's claims against HCDC and his official-capacity claims against the individually-named Defendants.

### C. Individual-Capacity Claims

#### 1. Defendant Jailer Lindblom

Plaintiff indicates that he has sued Defendant Lindblom in his role as the supervisor of HCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 690 n.55; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based

on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff does not allege that Defendant Lindblom encouraged, implicitly authorized, approved, or knowingly acquiesced in any of the alleged unconstitutional conduct. Thus, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Lindblom for failure to state a claim upon which relief may be granted.

### 2. Defendant Deputy Jailer Crawford

Plaintiff alleges that Defendant Crawford violated his constitutional rights when he forced Plaintiff to change into a clean jumpsuit in his pod which caused him to be naked in front of other inmates. Plaintiff states that Defendant Crawford had no legitimate reason for forcing him to change in the pod instead of in the bathroom. Plaintiff states that he believes Defendant Crawford did this to "humiliate, degrade, and belittle" him in front of the other inmates.

The Court finds that this allegation fails to state a constitutional claim against Defendant Crawford because the incident he describes was "isolated, brief, and not severe." *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (corrections officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standard); *see also Houston v. Unknown Agents*, No. 17-cv-00847, 2017 U.S. Dist. LEXIS 78036, at *5-6 (E.D.N.Y. May 22, 2017) (finding allegation that plaintiff was viewed naked in the shower and subjected to crude remarks on one occasion failed to state a claim upon which relief may be granted); *Hernandez v. Martinez*, No. 1:10-cv-01064, 2013 U.S. Dist. LEXIS 179122, at *10 (E.D. Cal. Dec. 20, 2013) (no constitutional claim where female official watched the plaintiff put on his underwear on one

occasion); *Brown v. Whitaker*, No. 2:11-cv-1526 KJN P, 2011 U.S. Dist. LEXIS 82332, at *6 (E.D. Cal. July 26, 2011) ("[I]t is unlikely plaintiff could state a cognizable civil rights claim based on one single, isolated incident of being required to walk naked from the shower area back to plaintiff's cell."); *Valencia v. Rushing*, No. 4:11CV00048, 2011 U.S. Dist. LEXIS 71692, at *8-9 (N.D. Ohio July 5, 2011) (inmate complained without context that a guard inappropriately touched his buttocks on three occasions, but court dismissed as "isolated, brief, and not severe").

### 3. Defendant Nurse Jensen

Finally, the Court turns to Plaintiff's allegations against Defendant Jensen. Plaintiff first alleges that Defendant Jensen violated his rights when she "sent medical requests to ask for help with my mental health issues that had increased as a result of mistreatment from Jail staff and even after I told them these issues had caused me to be unable to sleep . . . ." Plaintiff also states that he seeks to hold Defendant Jensen liable based upon his allegation that "on multiple occasion I noticed I urinated on myself and they still did nothing and continued to let me sit in my cell and suffer to me. This is not proper health care but cruel and unusual punishment . . ."

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. at 104). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective

8

component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 832). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. at 835-36.

The complaint does not provide the Court with sufficient detail to determine whether Plaintiff's medical conditions satisfy the objective prong of the standard set forth above. However, even if the complaint contained such detail, Plaintiff's allegations do not indicate that Defendant Jensen acted with deliberate indifference to any serious medical need. Plaintiff's first allegation that she sent "medical requests asking for help with [his] mental health issues" suggests that, instead of acting with reckless disregard to Plaintiff's mental health needs, Defendant Jensen was seeking help for him. Plaintiff's second allegation fails to show that Defendant Jensen acted with deliberate indifference because he does not allege that she knew he had urinated on himself at the time it occurred and failed to take appropriate action. Thus, the Court will dismiss Plaintiff's individual-capacity claims against Defendant Jensen for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: April 13, 2020

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
 Hardin County Attorney
4415.011